# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STERLING SAWYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-cv-6962 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| COLUMBIA COLLEGE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On November 20, 2009, *pro se* Plaintiff Sterling Sawyer filed a five-count Amended Complaint [6] against Defendants Columbia College ("the College"), Youth Communication, and Ginger Bush. Plaintiff asserts claims against the College and Youth Communications for race discrimination in violation of Title VI of the Civil Rights Act of 1964; retaliation for his assertion of his Title VI rights; sex discrimination in violation of Title VII of the Civil Rights Act of 1964; and retaliation for his assertion of his Title VII rights. Plaintiff also asserts a claim for assault and battery against Defendant Ginger Bush. Currently before the Court is Defendant Columbia College's motion to dismiss and motion to impose Rule 11 sanctions [16] on Plaintiff.[1]

---

[1] Also before the Court are Plaintiff's motion to file a surreply [25] in response to the College's motions and the College's motion to strike Plaintiff's surreply [26]. As the College notes in its motion to strike, Plaintiff's surreply largely rehashes arguments set forth in his response brief. However, Plaintiff also has attached three new exhibits to the surreply, which refute some of the claims made by the College in the context of its motion for Rule 11 sanctions. The decision whether to grant or deny a motion for leave to file a surreply is within the Court's broad discretion. See *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999) (decision whether to grant motion for leave to file a surreply is within the district court's discretion). In some instances, allowing the filing of a surreply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 329 (N.D. Ill. 2005). Here, Plaintiff's surreply enables the Court to make more informed rulings on the pending motions. Therefore, Plaintiff's motion to file a surreply [25] is granted, and the College's motion to strike Plaintiff's surreply [26] is denied.

For the reasons stated below, the College's motion to dismiss is granted in part and denied in part, and the College's motion for Rule 11 sanctions is denied.

**I.     Background**[2]

Beginning in January 2008, Sawyer was enrolled as a student at the College and was employed as a writing coach and editor by Youth Communications as part of a Federal Work-Study program for Columbia College students. On May 20, 2008, one of Sawyer's instructors gave him an unsatisfactory grade in his introduction to marketing class. In an e-mail to a College official dated June 20, 2008, Sawyer complained that his low grade was the product of racial discrimination by his professor. Sawyer alleges that on June 23, 2008 he was verbally and physically assaulted by a co-worker, Ginger Bush, while working for Youth Communications. On July 8, 2008, Columbia College and Youth Communications terminated Sawyer's employment and suspended him from the College.

Sawyer filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 31, 2008 alleging the following:

> I had been employed by Respondent as a Writing Coach/Editor, and enrolled in Columbia College's academic program since January 10, 2008. On June 23, 2008, I was verbally and physically assaulted. On July 8, 2008, I was discharged and suspended from the academic program.

---

[2] For the purposes of a defendant's motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, e.g., *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also considers facts presented in Plaintiff's brief in opposition to Defendant's motion to dismiss and Plaintiff's other court filings (including his surreply and the attachments thereto), to the extent that those facts are consistent with the allegations in the complaint. See *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) ("As our decisions make clear, facts alleged in a brief in opposition to a motion to dismiss * * * as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint."); *Evans v. U.S. Postal Service,* 428 F.Supp.2d 802, 805 (N.D.Ill.2006) ("the facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they could be proved consistent with the allegations") (quoting *Dausch v. Ryske,* 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994)).

> I believe I have been discriminated against because of my sex, Male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Sawyer received a notice of rights from the EEOC on August 28, 2009, in which the EEOC determined that it was unable to conclude that Sawyer's termination and suspension represented unlawful sex discrimination and informed him that he had the right to file a lawsuit within 90 days of receiving the notice.

On November 5, 2009, Sawyer filed a complaint [1] against the College asserting a Title VII claim for employment discrimination on the basis of sex, as well as a Title VII claim for retaliation. Shortly thereafter, on November 20, 2009, Sawyer filed an amended complaint in which he added Youth Communications and Ginger Bush as Defendants and included additional claims, including (1) Title VI race discrimination and retaliation claims[3] and (2) an assault and battery claim against Ginger Bush. The College moved to dismiss [16] Plaintiff's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and moved the Court to impose Rule 11 sanctions on Plaintiff [16], or, in the alternative, to conduct an evidentiary hearing to determine whether Rule 11 sanctions are appropriate.

## II.     Legal Standard on Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is

---

[3] The form complaint for employment discrimination used by Plaintiff does not list a Title VI claim among the available claims, as Title VI covers discrimination by institutions receiving public funds, not employment discrimination. In his amended complaint, Plaintiff edited the form to read "(e) Race (Title VI * * * )" instead of "(e) Race (Title VII * * * )" and confirmed in his response brief that the edit was intentional. See [22]. As both parties agree that no Title VII race discrimination claim is at issue, the Court will not consider such a claim.

3

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). However, a Plaintiff need not include all essential facts in his complaint; rather, he may add them in an affidavit or brief in order to overcome a motion to dismiss as long as they are consistent with the initial allegations. *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) ("[F]acts alleged in a brief in opposition to a motion to dismiss * * * as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint.").

"Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth*, 507 F.3d at 618.

The Court also is mindful of Plaintiff's *pro se* status and, accordingly, reads his pleadings and filings liberally. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996).

4

"The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir.1998). However, this Court is not required to "fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996).

**III. Analysis of Defendant's Motion to Dismiss**

    **A. Plaintiff's Title VII Sex Discrimination Claim**

Title VII of the Civil Rights Act of 1964 forbids an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Before filing a Title VII discrimination claim, a plaintiff must submit a charge with the EEOC (or a local agency) within 180 days of the alleged unlawful employment practice. *Id.* § 2000e-5(e). If the EEOC dismisses the charge, the Attorney General does not file a case, and no conciliation agreement is reached, then the EEOC must notify the aggrieved party that a civil action can be brought against the respondent named in the EEOC charge. *Id.* § 2000e-5(f). The aggrieved party then has 90 days following receipt of the notice to file a civil action. *Id.* While the 90-day period generally "begins to run when the claimant receives actual notice of her right to sue[,] * * * the actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault." *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999).

The College seeks dismissal of Plaintiff's Title VII sex discrimination claim on the ground that Plaintiff failed to file suit within the 90-day statutory period following receipt of the EEOC notice of right to sue. In support of its untimeliness argument, the College submits a letter to Plaintiff from the EEOC stating that the EEOC sent Plaintiff a Dismissal and Notice of Rights on July 10, 2009 via certified mail, which was returned as unclaimed. See Exs. B to [17].

5

The College also submits a Postal Service receipt, which it claims demonstrates that the initial right to sue letter was returned to the EEOC as unclaimed on August 5, 2009.[4] According to the College, Plaintiff's failure to receive actual notice of his right to sue on or before August 5, 2009 was his own fault, such that the actually notice rule does not apply, and Plaintiff's 90-day period for filing his complaint should be deemed to have commenced sometime before August 5, 2009.

The College's argument fails for a number of reasons. First, on a Rule 12(b)(6) motion to dismiss, the Court generally must confine its inquiry to the factual allegations set forth within the four corners of the operative complaint. See *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002). Therefore, if a party moving for a 12(b)(6) dismissal submits documents with its motion to dismiss, the Court either must ignore the documents or convert the motion to one for summary judgment. See Fed. R. Civ. Pro. 12(b); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). There is a narrow exception to that rule for documents that "are referred to in the plaintiff's complaint and are central to her claim." *Venture*, 987 F.2d at 431. Such documents are considered part of the pleadings, and may be considered on a motion to dismiss, if they are "concededly authentic." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Neither of the documents submitted by the College is referred to in the complaint, nor has Plaintiff conceded their authenticity. Therefore, the Court declines to consider the documents. Rather, the Court accepts as true – as it must – Plaintiff's allegation that he received the EEOC notice of right to sue on August 28, 2009, which is sixty-nine days before he filed his complaint on November 5, 2009 and thus well within the 90-day statutory period.

Furthermore, dismissal on untimeliness grounds is improper because the 90-day period essentially is a statute of limitations. See *Del Korth v. SuperValu, Inc.*, 46 Fed. Appx. 846, 847

---

[4] It is not clear from the receipt that the item delivered was the EEOC right to sue letter, or where the letter was delivered.

6

(7th Cir. 2002); *Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir. 1995). Therefore, the College's argument that Plaintiff's claim was untimely constitutes an affirmative defense. *Id*; see Fed. R. Civ. P. 8(c). Because complaints are not required to anticipate affirmative defenses, dismissal under Rule 12(b)(6) on statute of limitations grounds is considered "irregular." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). While dismissal is appropriate where a plaintiff pleads himself out of court by establishing that a defendant is entitled to a statute of limitations defense, here, the face of the complaint does not affirmatively indicate that the time limit for bringing the claim has passed. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005) (motion to dismiss appropriate where "complaint plainly reveals that an action is untimely under the governing statute of limitations"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc*., 350 F.3d 623, 626 (7th Cir.2003) ("a litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"). Accordingly, the Court declines to dismiss Plaintiff's Title VII sex discrimination claim as untimely.

### B. Plaintiff's Title VII Retaliation Claim

In addition to satisfying the timing requirements discussed above, Title VII "claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). At a minimum, that means that "[t]he complaint filed in the district court and the charge filed with the EEOC must * * * describe the same circumstances and participants. This [requirement] gives the EEOC a chance to investigate the allegedly discriminatory conduct and to seek voluntary compliance or conciliation without a lawsuit." *Id.* (internal citation omitted); see also *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). The College argues that the Court should dismiss Plaintiff's Title VII retaliation claim because Plaintiff did not allege retaliation in

7

his EEOC charge of discrimination, and consequently the retaliation claim is outside the scope of his original EEOC charge.

Courts in this district have noted that while "a plaintiff may pursue a claim not explicitly included in an EEOC complaint if his allegations 'fall within the scope of the charges contained in the EEOC complaint,' '[n]ormally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another.'" *Armintrout v. Bloomingdale's Pizza, Inc.*, 2007 WL 837279, at \*12 (N.D. Ill. March 13, 2007) (citations omitted). See also *Sitar v. Indiana Dept. of Transportation*, 344 F.3d 720, 726-27 (7th Cir. 2003) (finding that sexual harassment and sex discrimination claims were not reasonably related to retaliation alleged in EEOC charge). Only where a plaintiff's sex discrimination and retaliation claims are "so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the Act" can "an EEOC charge of one type of wrong \* \* \* support a subsequent civil suit for another." *Sitar,* 344 F.3d at 726 (quoting *Kristufek v. Hussmann Foodservice Co.,* 985 F.2d 364, 368 (7th Cir. 1993)).

Here, Plaintiff neither marked the box for retaliation on the EEOC charge nor alleged any facts tending to support a retaliation claim in the EEOC charge. Nor are there any allegations in the EEOC charge or the complaint suggesting that the two claims are "intertwined in time, people, and substance." Therefore, the Court is inclined to agree with the College that the retaliation claim is outside the scope of the EEOC charge. See *Mele v. Lowe's Home Centers, Inc.*, 2010 WL 2697303, at \*3 (N.D. Ill. July 7, 2010) (granting motion to dismiss Plaintiff's retaliation claim where Plaintiff's EEOC charge checked the box for discrimination based on "sex," and not the box for discrimination based on "retaliation," and Plaintiff "failed to allege

any facts that would support a retaliation claim in his typed statement at the bottom of the EEOC charge").

Moreover, even if Plaintiff's retaliation claim did fall within the scope of his EEOC charge, it nevertheless would be subject to dismissal. To avoid a motion to dismiss, a plaintiff alleging retaliation must plead that he engaged in a protected activity and suffered a materially adverse action and that the protected activity is causally connected to the adverse action. See *Miller v. Empress Casino Joliet Corp.*, 2009 WL 1469730, at *2 (N.D. Ill. May 27, 2009); *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005). None of Plaintiff's filings with this Court allege that Plaintiff engaged in a statutorily protected activity regarding the alleged sex discrimination prior to his discharge and academic suspension. See 42 U.S.C. § 2000e-3(a) (defining statutorily protected activity to include participating in a Title VII proceeding or opposing a practice made unlawful by Title VII). For that reason, the Court grants the College's motion to dismiss Plaintiff's Title VII retaliation claim.[5]

### C. Plaintiff's Assault and Battery Claim

In response to the College's motion to dismiss, Plaintiff has acknowledged that his assault and battery claim only relates to Defendant Ginger Bush. Therefore, the Court will not consider that claim in the context of the College's motion to dismiss.

In its reply brief, the College raises a separate issue relating to Defendant Bush: whether the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to consider Plaintiff's tort claim against Ginger Bush. Plaintiff cites *Roberts v. Lakeview Community Hospital*, 985 F. Supp. 1351, 1351-52 (M.D. Ala. 1997) in support of his contention that courts do not have supplemental jurisdiction over tort claims when resolving them "would not matter" to the court's

---

[5] There is, however, some evidence that Plaintiff engaged in protected activity concerning allegations of *race* discrimination prior to his discharge and suspension. See p. 12, *infra*.

determination of whether the defendant was liable under Title VII. While the College did not raise the jurisdictional issue in its motion to dismiss, it nevertheless is proper for the Court to consider the College's argument because subject matter jurisdiction is a threshold issue that cannot be waived by the parties and may be challenged at any point in the proceedings by a party or raised *sua sponte* by the court. See *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("'[i]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings'") (quoting *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980)); *Myers v. County of Lake, Ind.*, 30 F.3d 847, 850 (7th Cir. 1994) ("A court must satisfy itself that a claim falls within the category laid out in § 1367(a), for otherwise there is no federal jurisdiction."); FED. R. CIV. P. 12(h)(3) ("[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action") (emphasis added).

Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction to hear all claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "Judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995); see also *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). In analogous cases involving both a state tort claim and a Title VII discrimination claim, the Seventh Circuit has found that district courts have supplemental jurisdiction over the tort claim where it is "highly relevant to the determination of whether appropriate remedial action" was taken by an institution facing a Title VII discrimination claim. *Ammerman*, 54 F.3d at 425. Here, Plaintiff's claim of Title VII sex discrimination arises out of

the same facts as his assault and battery claim. Indeed, the very essence of his Title VII claim is that the College's treatment of him after he had been assaulted and battered by Ginger Bush constituted sexual discrimination. Therefore, Plaintiff's factual allegations concerning the alleged assault and battery claim appear to be highly relevant to the determination of whether Columbia College's decision to terminate Plaintiff's employment and suspend him from his academic program constituted violated the terms of Title VII.[6] The Court thus rejects the College's contention that it does not have supplemental jurisdiction over Plaintiff's state tort claims against Ginger Bush.[7]

### D. Plaintiff's Title VI Race Discrimination and Retaliation Claims

Title VI of the Civil Rights Act of 1964 prohibits discrimination by organizations that receive funding from the Federal government. 42 U.S.C. § 2000d. The College contends that Plaintiff's Title VI claims should be dismissed because Plaintiff did not include them in his EEOC charge. While some Title VI claims must be submitted to the EEOC if they are part of a larger employment discrimination case, there is no requirement that plaintiffs submit Title VI claims to the EEOC before filing a private suit. See 28 C.F.R. §§ 42.605(d), 42.609 (providing that a Federal agency that receives a complaint of employment discrimination covered both by Title VI and Title VII should submit the complaint to the EEOC); *Hewitt v. U.S. Office of Personnel Management*, 390 F. Supp.2d 685, 690 (N.D. Ill. 2005) ("nothing in the language of

---

[6] By contrast, in *Roberts*, on which the College relies, the plaintiff's assault and battery and Title VII claims did "not arise from the same facts." 985 F. Supp. at 1351.

[7] In its reply brief [24], the College also notes that Plaintiff directed the U.S. Marshal to serve Ginger Bush at a campus building despite the fact that she is no longer enrolled as a student at Columbia College. For that reason, it is unclear whether Plaintiff fulfilled the service requirements of Rule 4 of the Federal Rules of Civil Procedure. The Court therefore requests that Plaintiff file a supplemental brief within thirty (30) days of the entry of this order addressing whether he has satisfied the Rule 4 service requirements with respect to Defendant Ginger Bush. Because Plaintiff is *pro se*, the Court also will conduct its own research and analysis of the issue regarding service on Defendant Bush.

Title VI [of the Civil Rights Act of 1964] * * * requires exhaustion"); *Dertz v. City of Chicago*, 1997 WL 85169, at *10 (N.D. Ill. Feb. 24, 1997) ("In contrast to Title VII and the ADEA, Title VI of the Civil Rights Act does not require the exhaustion of administrative remedies"). Therefore, the College's arguments regarding the scope of Plaintiff's EEOC charge do not apply to the Title VI claims. Because the College raises no other deficiencies with respect to Plaintiff's Title VI claims in the context of its motion to dismiss, that motion is denied with respect to Plaintiff's Title VI race discrimination and retaliation claims.

**IV.    Defendant's Motion for Rule 11 Sanctions**

In addition to moving for dismissal of Plaintiff's claims against it, the College requests that the Court conduct an evidentiary hearing to determine whether Plaintiff's pleadings are in violation of Rule 11. The College contends that Plaintiff has provided untrue allegations in support of his Title VI claims, that there is no factual basis for those claims, and that Plaintiff's pleadings therefore are frivolous and motivated by an improper purpose to harass the College. In particular, the College asserts that Plaintiff has misled the Court by seeking, as a remedy, re-admittance to the College because Plaintiff merely was suspended for a semester and has not sought to re-enroll. The College also argues that Plaintiff cannot support the factual allegation that he complained about race discrimination in the beginning of June 2008. Finally, the College contends that there is no evidence that Plaintiff ever filed a complaint with the Office of Civil Rights of the Department of Education as stated in Plaintiff's amended complaint.

Rule 11(b) requires that an attorney or party "certify to the best of his 'knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have

12

evidentiary support." *Jimenez v. Madison Area Tech. College*, 321 F.3d 652, 656 (7th Cir. 2003) (quoting Fed. R. Civ. P. 11(b)). Plaintiff's *pro se* status is not a shield from Rule 11 sanctions because the Rule explicitly applies to unrepresented parties; however, the Court may take into account the special circumstances that often arise in *pro se* situations. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). Indeed, the 1993 Advisory Committee notes to Rule 11 explain that courts may consider whether the improper conduct was "willful or negligent" and whether the responsible person is "trained in the law" in determining whether to impose sanctions. Fed. R. Civ. P. 11 Notes of Advisory Committee on Rules, 1993 Amendment.

The Court cannot agree with the College that Plaintiff's conduct violates the Rule 11. First, there is no evidence of any attempt by Plaintiff to mislead the Court about his academic status. In the amended complaint, Plaintiff alleges that "[o]n 7/08/08 I was discharged [and] *suspended* from the academic program and my employment." [6] (emphasis added). Although Plaintiff might have stated more clearly that he was discharged from his job at Youth Communications and suspended from his academic program, such lack of clarity hardly provides evidence that Plaintiff's complaint was filed for an improper purpose; rather, it reflects precisely the kind of technical deficiency that courts frequently overlook in pleadings by *pro se* plaintiffs. See *Hudson*, 149 F.3d at 864. Nor does Plaintiff's request for an injunction requiring the College to readmit him as a student appear to the Court to be an effort in deception. Perhaps Plaintiff has not attempted to re-enroll in the College because he believed that the College would reject any attempt he made to re-enroll in light of the instant litigation. In any event, the Court is not convinced that the requested relief demonstrates an attempt by Plaintiff to mislead the Court. The fact that a portion of Plaintiff's requested relief may prove to be unavailable does not indicate that he has filed his complaint for an improper purpose or that his claims are frivolous.

In response to the College's contention that Plaintiff neither complained about race discrimination in June of 2008 nor filed a complaint with the Office of Civil Rights of the Department of Education, Plaintiff has submitted documents that corroborate the allegations set forth in his amended complaint. In particular, Plaintiff has submitted an e-mail that he sent to a College official complaining of race discrimination and a copy of an official complaint to the Department of Education's Office of Civil Rights ("OCR"). In its reply brief, the College challenges the authenticity of the latter document, noting that it lacks OCR's stamp and that the College is unaware of any investigation by the agency. To the extent that the College is accusing Plaintiff of submitting a false document, if that claim is substantiated, Rule 11 sanctions might well be appropriate. However, there is insufficient evidence before the Court at this time to demonstrate that Plaintiff has submitted false documents. Therefore, the College's motion for Rule 11 sanctions is denied without prejudice.[8] Plaintiff, though, should be mindful that his *pro se* status does not provide him with a blanket protection from Rule 11 sanctions, and that this Court has independent authority to ask a party to show why its conduct has not violated Rule 11(b). See *Vukadinovich*, 901 F.2d at 1445; Fed. R. Civ. P. 11(c)(3).

**IV. Conclusion**

For the foregoing reasons, the College's motion to dismiss [16] is granted with respect to Plaintiff's Title VII retaliation claim and denied with respect to the Title VII sex discrimination claim, the Title VI race discrimination claim, and the Title VI retaliation claim. In addition, Plaintiff is requested to file a supplemental brief within thirty (30) days addressing the Court's concerns that he may not have properly served Defendant Ginger Bush pursuant to the

---

[8] Nothing in this opinion should be read to foreclose the College from bringing an appropriate motion for sanctions at a later date if, through additional discovery, the College has good grounds for believing that the document was in fact fraudulent.

requirements of Rule 4 of the Federal Rules of Civil Procedure.  Finally, Defendant's motion for Rule 11 sanctions [16] is denied.

Dated: August 5, 2010

_____
Robert M. Dow, Jr.
United States District Judge