# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6962 | **DATE** | 2/14/2013 |
| **CASE TITLE** | Sawyer vs. Columbia College, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Plaintiff's motion for default judgment as to Youth Communication [88]. Plaintiff's claims against Youth Communication are dismissed and this case is closed. A final judgment will be entered under Federal Rule of Civil Procedure 58 in favor of all Defendants and against Plaintiff.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

**I. Background**

Plaintiff Sterling Sawyer claims that he was discriminated against on the basis of his race and gender when he was terminated from his employment at Columbia College ("the College") and suspended from the College for one calendar year. Plaintiff, an African-American male, was a student enrolled in Columbia College in the fall semester of 2002, the fall semester of 2007, and the spring semester of 2008. In approximately January 2008, Plaintiff began working for Youth Communication Chicago ("Youth Communication") as part of the College's work-study program. On June 23, 2008, Plaintiff was involved in a physical altercation with a female African-American student, Ginger Bush, in the Youth Communication offices. The details of the Youth Communication incident were sent to Beverly Anderson ("Anderson"), an African-American woman and the College's Assistant Dean of Student Health and Support, for an investigation of the incident. As part of her review, Anderson reviewed documents describing two additional incidents involving Plaintiff that occurred on February 15, 2007, and August 15, 2007. After reviewing the details of all three incidents, Anderson concluded that Plaintiff, along with Ginger Bush, would be terminated from their positions at Youth Communication for engaging in a physical altercation in Youth Communication's offices and in front of Youth Communication staff, Columbia students, and possibly high school students. Anderson also concluded that Plaintiff would be suspended from attending Columbia for one academic year in light of the Youth Communication incident and the incidents occurring in 2007 in New Orleans and at the Hokin Gallery. Anderson informed Bush of her termination from Youth Communication on June 24, 2008. On July 8, 2008, Anderson advised Plaintiff that he was being terminated from his position at Youth Communication and was being suspended from Columbia for the 2008-2009 academic year.

Following EEOC activity, Plaintiff, then acting *pro se*, filed both an initial complaint [1] and an amended

## STATEMENT

complaint [8] asserting claims against Columbia College, Youth Communication, and Ginger Bush for race discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964, and sex discrimination in violation of Title VII. After the Court entered an order [30] granting in part and denying in part Defendant Columbia College's motion to dismiss, Columbia filed an answer and affirmative defenses [35] and the Court recruited counsel to assist Plaintiff in this case [see 39, 43]. Counsel has capably represented Plaintiff on a pro bono basis throughout the discovery and summary judgment stages of this case. As the case unfolded, the Court entered an order of default against Defendant Youth Communication [76] for failure to appear, answer, or otherwise plead; the Court granted summary judgment for Defendant Columbia College [see 79, 80]; and Plaintiff voluntarily dismissed his claims against Defendant Bush [see 83]. Now before the Court is Plaintiff's motion for default judgment against Youth Communication [88]. Also before the Court are a response filed by Defendant Columbia College opposing the entry of default judgment against Youth Communication [92] and a reply by Plaintiff in support of his motion [93] in which the parties address an issued raised by the Court – namely, whether the rule set forth in *Frow v. De La Vega*, 82 U.S. 552 (1872), and *in re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir. 1980), bears on Plaintiff's claim to a default judgment.

**II.    Analysis**

After careful consideration of the arguments presented on the motion for default judgment, the Court concludes that it must deny the motion. But in so doing, the Court need not address the *Frow* rule, because Plaintiff is not entitled to a default judgment against Youth Communication for a much more basic reason: Plaintiff's complaint does not set forth any legal basis for imposing liability on that Defendant.

Upon entry of an order of default, the defaulting party loses its ability to contest the factual basis for the moving party's claim. See, *e.g.*, *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). In essence, the facts alleged in the complaint are deemed admitted and may not later be contested absent an order vacating the order of default. *Id.* Nevertheless, a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a "district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (concluding that "[g]iven the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant"). Even after entry of an order of default, a district court still must consider (1) "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law" (*Marshall*, 616 F.3d at 852) and (2) whether the non-defaulting party is entitled to any damages on its claim – and, if so, in what amount – for "allegations in a complaint relating to the amount of damages suffered ordinarily are not" taken as true. *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989); see also *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1189 (7th Cir. 1986).

Applying these principles to the present motion, the Court concludes that the entry of default judgment would be inappropriate. Throughout this lawsuit, Plaintiff has stood on his bare-bones complaint, which scarcely mentions Youth Communication and in fact lists the wrong address for Youth Communication. Although Plaintiff was *pro s*e at the time he filed each of his complaints, he never sought leave to amend his complaint to add additional allegations against Youth Communication, even after counsel was appointed. Thus, the present situation appears to go beyond one in which "unchallenged facts" fail to "constitute a legitimate cause of action" against Youth Communication; instead, Plaintiff has failed to allege any facts which would serve as a basis for liability on the part of Youth Communication.

| STATEMENT |
|---|

Plaintiff's failure to seek leave to file a second amended complaint is not surprising, as the summary judgment record makes clear that all of the major actions and decisions in this matter were undertaken by Columbia, not Youth Communication. Thus, although the Court need not consider the summary judgment record in the absence of any allegations in the complaint that would provide a basis for liability against Youth Communication, it does in fact confirm the decision by Plaintiff and/or his counsel not to assert any specific claim against Youth Communication. In the absence of a viable claim against Youth Communication set out in the allegations of the first amended complaint, the Court has no legal basis for entering a default judgment against Youth Communication.

Furthermore, even if Plaintiff were able to find some technical basis for imposing liability on Youth Communication, he has not shown any damages for which Youth Communication would be liable and it seems highly unlikely that he ever could do so. Instead, Plaintiff's admissions at summary judgment make clear that (1) he was "employed through, and by, Columbia to work with Youth Communication" in a work-study program; (2) Columbia was "considered the employer for purposes of [Columbia's] agreement" with Youth Communication; (3) Youth Communication deferred to Columbia to undertake an investigation of the incident and determine the appropriate consequences; and (4) Columbia's Assistant Dean terminated Plaintiff's employment with Youth Communication and suspended him from Columbia for one academic year. The record is devoid of any allegations or evidence that Youth Communication made any decisions or had any authority over Plaintiff. Therefore, Plaintiff has failed even to allege any basis upon which the Court could conclude that Youth Communication is liable for any damages.

In sum, the Court concludes that there is no legal basis for imposing liability on the part of Youth Communication and that any claims against Youth Communications in fact are without merit. See *Marshall,* 616 F.3d at 852; *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999) (district court did not abuse its discretion in denying a motion for appointment of counsel or for default judgment where the "claims were of doubtful merit"); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995) (upholding denial of default judgment which was based, in part, on the "disputable merits of [the plaintiff's] claims"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (refusal to enter default judgment and dismissal not an abuse of discretion where plaintiff's substantive claims lacked merit). Thus, the Court denies Plaintiff's motion for default judgment as to Youth Communication [88]. Plaintiff's claims against Youth Communication are dismissed and this case is closed. A final judgment will be entered under Federal Rule of Civil Procedure 58 in favor of all Defendants and against Plaintiff.

*[signature]*